**SEIGAFOLAVA R. PENE, Plaintiff**

**v.**

**PETI SALUALO and SALUALO APAISA, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 21-96

November 4, 1996

58

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Pro Se
 For Defendants, Asaua Fuimaono

Order on Motion for Preliminary Injunction:

This is an intra-family dispute over a boundary. The parties are members of the Uso family of Faga`alu and are both occupants of Uso family land known as "Fusitele." Defendants recently erected a picket fence which plaintiff claims has encroached onto his area of use. The latter seeks injunctive relief against the defendants' continuing maintenance of the picket fence, claiming that the fence has, among other things, affected his ability to maneuver his motor car for entry onto the highway. Plaintiff further seeks ouster of the defendants from Fusitele altogether, claiming matai authority to evict, or to seek the eviction of, the defendants.

■ This is a matter properly within the senior matai's competence; it is the matai who has primary jurisdiction over intra-family disputes involving use of family land. Uso Lago`o, the current registered holder of the Uso title testified that the dispute was never referred to him and that he has never had the opportunity to address the matter.

Plaintiff, however, questions Uso Lago`o's legitimacy as titleholder, claiming that Uso Sasagi, who had previously registered the title in January 12, 1953, is still alive and the legitimate title holder, albeit resident off-island. Plaintiff also lays claim himself to being the Uso titleholder, contending that Uso Sasagi had bestowed the Uso title upon him during an installation ceremony held off-island.

■ At the outset, we find plaintiff's claims to being the Uso titleholder, to be entirely unfounded. Among other things, the requirements of Title 1, Chapter 4, American Samoa Code Annotated, A.S.C.A. § 1.0401 et seq., relating to matai eligibility and the registration of matai titles, are not mere formalities but substantive. Because plaintiff has not complied with the requirements of Chapter 4, he is not the holder of the Uso title,

nor is he able to hold himself out as such. *See* A.S.C.A. § 1.0413;[1] §1.0414.[2]

For purposes of this hearing, we are satisfied on the evidence that the senior matai of the family is Uso Lago`o; he is the current registered holder of the title Uso, and we accept his testimony that the title was registered in his name after the Territorial Registrar was satisfied that Uso Sasagi had resigned the title.

The motion for a preliminary injunction is denied, and the matter of the boundary dispute between the parties is remanded to the senior matai of the Uso family.[3]

It is so ordered.

[1] This enactment states: "Any matai title bestowed on any person contrary to the provisions of this chapter [4] may not in any way be recognized."

[2] This enactment reads: "A person who uses any matai title or permits the use of any matai title in his behalf before the same has been registered in accordance with the provisions of this chapter . . . ., shall be sentenced as for a class B misdemeanor."

[3] Although we have not had to consider the merits of the motion, deferring to the primary jurisdiction of the matai, the statute prohibiting anyone but the senior matai of a Samoan family from bringing action to enjoin activities on communal land would seem to render plaintiff's standing doubtful. A.S.C.A. § 41.1309(b).